IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> DOUGLAS GILBERT UCHYTIL, <br> Defendant. | Case No. 23-cr-2056-LTS-MAR <br><br> **REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

_____

## I.  INTRODUCTION

On September 20, 2023, the Grand Jury charged Defendant with one count of Possession of a Firearm by a drug user in violation of 18 U.S.C. Sections 922(g)(3). (Doc. 3.) Specifically, the indictment charges Defendant, knowing he was then an unlawful user of a controlled substance, methamphetamine, knowingly possessed 17 firearms that were in and affecting commerce. (*Id.*) Included in these firearms are pistols, shotguns, and rifles.

The matter before the Court is Defendant's Motion to Dismiss Under *[Rifle & Pistol Association, Inc. v.] Bruen*, [142 S. Ct. 2111 (2022)]. (Doc. 14.) Defendant contends Section 922(g)(3) is unconstitutional facially and as applied to his conduct. The Government timely filed a resistance. (Doc. 17.) The Honorable Leonard T. Strand, United States District Court Judge, referred the motion to me for a Report and Recommendation. For the following reasons, I respectfully recommend that the District Court **deny in part** and **hold in abeyance in part** Defendant's Motion to Dismiss.

1

## II.  DISCUSSION

The Second Amendment to the United States Constitution provides "[a] well regulated Militia, being necessary to the security of a free [s]tate, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  Title 18, United States Code, Section 922(g)(3) provides "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to . . . possess in or affecting commerce, any firearm or ammunition."  In *Bruen*, the United States Supreme Court explained that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  142 S. Ct. at 2129-30.  The question here is whether Section 922(g)(3) unconstitutionally infringes upon Defendant's right to keep and bear arms guaranteed to persons under the Second Amendment.

### A.  *The Parties' Arguments*

Defendant argues alternatively that 18 U.S.C. Section 922(g)(3) is facially unconstitutional or is unconstitutional as applied to him under *Bruen*.  (Doc. 14-1 at 3.)  Defendant first asserts that his conduct, possessing a firearm, is protected because he is part of "the people" as that term is used in the Second Amendment, regardless of his use of controlled substances.

Defendant next asserts the Government cannot meet its burden under *Bruen* to show Section 922(g)(3)'s prohibition against possession of firearms by drug users "comports with this 'Nation's historical tradition of firearm regulation.'"  (Doc. 14-1 at 6) (citing *Bruen*, 142 S. Ct. at 2135.)  Defendant argues the prohibitions against unlawful drug users possessing firearms are relatively recent and the Government cannot point to distinctly similar historical regulation of firearms possession by illegal drug users.

2

Defendant also notes that prohibition on possession of firearms by drug users are notably absent from *Heller's* list of presumptively lawful prohibitions like those against felons and the mentally ill.

Defendant acknowledges the existence of some tradition of regulating the combination of firearms and intoxicants. However, he argues that prohibition of firearms possession by persons involved in episodic use of controlled substances (that may not involve active usage), is not supported by the historical record. Defendant continues that even if possession of firearms by unlawful drug users represents a new societal concern, the Government cannot justify depriving such individuals of their right to bear arms because they do not pose the same risk as others such as felons and domestic violence misdemeanants.

Defendant relies on *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *United States v. Harrison*, No. CR-22-00328-PRW, 2023 WL 1771138 (W.D. Okla. Feb. 3, 2023), and *United States v. Connelly*, 668 F.Supp.3d 662 (W.D. Tex. 2023) which found insufficient historical tradition of firearms regulation *vis-à-vis* unlawful drug users. Finally, Defendant argues that *United States v. Seay*, 620 F.3d 919, 922 (8th Cir. 2010) should not be considered good law after *Bruen* because it does not rely on the historical analysis required by *Bruen*. Moreover, Defendant argues, *Seay's* reliance on the conclusion that lawbreakers are not part of the "people" protected by the First Amendment was rejected by *Bruen*.

After discussing the test established by *Bruen*, the Government asserts that, as an unlawful user of controlled substances, Defendant is excluded from the protections afforded to "the people," as referred to in the text of the Second Amendment. Thus, the plain text of the Second Amendment does not cover Defendant's conduct. The Government acknowledges several cases wherein Chief Judge C. J. Williams rejected this argument. (Doc. 17 at 5-6, n. 1.)

Before the Government attempts to establish the historical antecedents of the prohibition at issue, it discusses the possible "pitfalls" in arguing by analogy. First, if the societal problem the regulation seeks to address existed when the Constitution was adopted, the absence of distinctly similar historical regulation is itself evidence that the regulation violates the Second Amendment. Where the societal problem has been addressed by other means than firearms regulation, this also evidences unconstitutionality of the regulation at issue. Third, if a jurisdiction attempts to enact regulations similar to those that have been rejected on constitutional grounds, this also tends to show the regulation is unconstitutional.

The Government commences its historical analysis with a discussion of the legislative history described in *United States v. Yancey,* 621 F.3d 681 (7th Cir 2010) which focused on Congress's intent to avoid any burden on law-abiding citizens while keeping firearms out of the hands of criminals.

The Government acknowledges that prior to 1968, Congress had not criminalized the possession of firearms by addicts or drug users. The Government also acknowledges that it has found no laws or regulations from colonial times that prohibit possession by drug users or addicts. Rather, the Government urges the Court to find relevant analogies in proscriptions imposed on felons and the mentally ill. The Government cites Congressional intent to keep firearms away from "drug abusers, a dangerous class of individuals." (Doc. 17 at 13) (quoting *United States v. Cheeseman,* 600 F. 3d 270, 280 (3rd Cir. 2010)). The Government points to authorities that describe unlawful drug users as persons who are willing to engage in risky behavior and have contempt for the law, perhaps more so than felons because of the on-going nature of their conduct.

The Government likens the disarming of unlawful drug users to the historical practice of disarming persons deemed to be dangerous and untrustworthy. The Government points to the historical practice of prohibiting persons with mental illness to

4

obtain firearms. The Government also relies on the statements in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010) that support the presumptive validity of longstanding prohibitions on the possession of firearms by certain groups. The Government also catalogs the many decisions in this district finding Section 922(g) constitutional after *Bruen*. Finally, the Government also asserts that Defendant's as-applied challenge to Section 922(g) is premature and must wait until the facts are developed at trial.

### B. Analysis of the facial challenge

First, *Bruen* requires the Court to address whether Section 922(g)(3) regulates conduct protected by the Second Amendment. Sections 922(g)(3) criminalizes possession of a firearm, which is conduct expressly protected by the Second Amendment. As this Court has previously noted,

> [t]he text of the Second Amendment does not qualify who may possess firearms, but rather uses the word "people." Thus, as a textual matter, the plain reading of the Second Amendment covers defendant who is a person under the Constitution. *See United States v. Perez-Gallan*, 22-CR-00427-DC, 2022 WL 16858516, at *8-9 (W.D. Tex. Nov. 10, 2022) (finding the Second Amendment applies to members of the political community and is not limited to law-abiding citizens).

*United States v. Springer*, No. 23-CR-1013-CJW-MAR, 2023 WL 4981583, at *2 (N.D. Iowa Aug. 3, 2023). Thus, I recommend the Court reject the Government's contention that the plain text of the Second Amendment is inapplicable to Defendant's conduct in possessing a firearm as an unlawful user of controlled substances.

Second, I agree with the position other judges in this district have taken with respect to the historical antecedents of the regulation. There is nothing I would add to then Chief Judge Strand's ruling in a previous challenge to Section 922(g)(3) under *Bruen:*

5

I find Cobbs' facial challenge to the constitutionality of § 922(g)(3) must fail for two reasons.  First, I agree with the Government that *Seay* is still binding on this court.  *See Pruden*, No. 23-cr-42, 2023 WL 6628606, at *4; *United States v. Cooper*, No. 23-CR-2040, 2023 WL 6441943, at *4 (N.D. Iowa Sept. 29, 2023); *United States v. Grubb*, No. 23-CR-1014, 2023 WL 5352000, at *4 (N.D. Iowa Aug. 21, 2023); *see also Gilpin v. United States*, Civil No. 22-04158, 2023 WL 387049, at *4 (W.D. Mo. Jan. 3, 2023) (denying § 2255 motion challenging post-*Bruen* constitutionality of 922(g)(3)), appeal filed, No. 23-1131 (8th Cir. Jan. 24, 2023).

Second, regardless of whether *Seay* remains binding after *Bruen*, § 922(g)(3) withstands Cobbs' constitutional challenge.  As the Eighth Circuit explained in *Jackson*, *Bruen* reaffirmed that the right to keep and bear arms is still "subject to certain reasonable, well-defined restrictions," and *Bruen* "did not disturb those statements or cast doubt on the prohibitions." *Jackson*, 69 F.4th at 501 (quoting *Bruen*, 597 U.S. at 70 (citing *Heller*, 554 U.S. at 581)).  Although *Jackson* addressed the constitutionality of § 922(g)(1) as-applied, the Eighth Circuit's reasoning can be applied to Cobbs' facial challenge to § 922(g)(3).

In *Jackson*, after setting forth a lengthy history, the Eighth Circuit stated that "legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a threat purportedly posed by these people 'to an orderly society and compliance with its legal norms,' not merely to address a person's demonstrated propensity for violence." *Jackson*, 69 F.4th at 503 (quoting *Range v. Att'y Gen.*, 53 F.4th 262, 282 (3d Cir. 2022)).  The court concluded that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," including "persons who deviated from legal norms." *Jackson*, 69 F.4th at 505.

In reaching its conclusion, the court cited *United States v. Bena*, 664 F.3d 1180, 1183-84 (8th Cir. 2011).  *Jackson*, 69 F.4th at 504.  Although issued prior to *Bruen*, *Bena* upheld the constitutionality of § 922(g)(8), which prohibits the possession of firearms by a person subject to a domestic violence restraining order.  In *Bena*, the Eighth Circuit conducted a thorough historical analysis and concluded there was "a common-law tradition that permits restrictions directed at citizens who are not law-abiding and responsible." *Bena*, 664 F.3d at 1183.  The court cited *Seay* to demonstrate that "§ 922(g)(3) was the type of 'longstanding prohibition [] on the possession of firearms' that *Heller* declared presumptively

6

Case 6:23-cr-02056-LTS-MAR   Document 21   Filed 04/01/24   Page 6 of 8

lawful." *Id*. (citing *Seay*, 620 F.3d at 925 (quoting *Heller*, 554 U.S. at 626)). As the Eighth Circuit recognized in *Bena*, and again in *Jackson*, certain categories of non-law-abiding citizens have historically been disqualified from possessing firearms. Thus, barring unlawful drug users who pose a danger to society is consistent with the history of firearm regulation at the time the Second Amendment was adopted.

*United States v. Cobbs*, No. CR22-4069-LTS, 2023 WL 8599708, at *3–4 (N.D. Iowa Dec. 12, 2023).

Chief Judge Williams has also upheld Section 922(g)(3) as constitutional on several occasions. *See United States v. Wuchter*, No. 23-CR-2024-CJW-MAR, 2023 WL 4999862 (N.D. Iowa Aug. 4, 2023); *United States v. Springer*, No. 23-CR-1013-CJW-MAR, 2023 WL 4981583 (N.D. Iowa Aug. 3, 2023); *United States v. Ledvina*, No. 23-CR-36-CJW-MAR, 2023 WL 5279470 (N.D. Iowa Aug. 16, 2023); *United States v. Garcia*, No. 23-CR-2018-CJW-MAR, at R. Doc. 25; *United States v. Grubb*, No. 23-CR-1014-CJW-MAR, 2023 WL 6960371 (N.D. Iowa Oct. 20, 2023); *United States v. Pruden*, No. 23-CR-42- CJW-MAR, 2023 WL 6628606 (N.D. Iowa Oct. 11, 2023); and *United States v. Hardy*, No. 23-CR-87-CJW-MAR, at R. Doc. 21.

Thus, I would decide the facial challenge to Section 922(g)(3) in the same way and deny Defendant's motion to dismiss.

### C.   *Analysis of the as-applied challenge*

Defendant claims to assert an "as-applied" challenge in his motion, but his brief fails to address this challenge in any way. Defendant offers no reason that the ruling in *United States v. Turner* would be inapplicable, i.e., that "the district court could not rule on [the defendant's] as applied constitutional challenge without resolving factual issues related to his alleged offense, such as the extent of his drug use, and therefore the court should have deferred ruling until trial." 842 F.3d 602, 605 (8th Cir. 2016). Thus, I recommend the Court hold in abeyance its decision on Defendant's motion to dismiss on

7

the basis that Section 922(g)(3) is unconstitutional as applied to until after trial on the merits.

### III. CONCLUSION

For the reasons set forth above, I respectfully recommend the District Court **deny in part** Defendant's Motion to Dismiss Under *Bruen* (Doc. 14) as facially unconstitutional as to 18 U.S.C. Sections 922(g)(3). I further recommend the Court **hold in abeyance** its decision on Defendant's motion on his as-applied challenge to 18 U.S.C. Section 922(g)(3) until completion of trial on the merits.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 1st day of April, 2024.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa