# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS GILBERT UCHYTIL, <br><br> Defendant. | No. CR23-2056-LTS-MAR <br><br> **ORDER** |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Mark A. Roberts, United States Magistrate Judge, recommends that I deny in part and hold in abeyance in part defendant Douglas Gilbert Uchytil's motion (Doc. 14) to dismiss the indictment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Doc. 21. Neither party has filed objections.

## I.  BACKGROUND

On September 20, 2023, the grand jury returned an indictment (Doc. 2) charging Uchytil with one count of possession of firearms by a drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). On March 4, 2024, Uchytil filed a motion (Doc. 14) to dismiss the indictment based on *Bruen*. The Government filed a resistance (Doc. 17) on March 11, 2024, and Judge Roberts filed the R&R on April 1, 2024. Neither party filed objections and the time for doing so has passed.

## II.  APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.  DISCUSSION

Because neither party objected to the R&R, I have reviewed it for clear error. First, I agree with Judge Roberts that the plain text of the Second Amendment applies to

2

Uchytil's conduct. Second, I agree that Uchytil's facial challenge to the constitutionality of § 922(g)(3) fails for the reasons I explained in *United States v. Cobbs,* No. CR22-4069-LTS, 2023 WL 8599708, at *3-4 (N.D. Iowa Dec. 12, 2023). Finally, I agree with Judge Roberts' conclusion that I cannot rule on Uchytil's as-applied constitutional challenge without first resolving factual issues related to his alleged offense at trial. *United States v. Turner,* 842 F.3d 602, 605 (8th Cir. 2016). Based on my review of the record, I find no error – clear or otherwise – in Judge Roberts' recommendation.

### IV. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 21) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to the Report and Recommendation (Doc. 21), Uchytil's motion (Doc. 14) to dismiss the indictment is **denied** except with regard to his as-applied challenge to § 922(g)(3), which will be held in abeyance until trial.

**IT IS SO ORDERED** this 23rd day of April, 2024.

_____
Leonard T. Strand
United States District Judge